UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **REYNALDO HERNANDEZ-ANCHONDO,** § | |
| § | |
| *Petitioner*, § | |
| VS. § | **CIVIL ACTION NO. L-07-117** |
| § | **CRIMINAL CASE NOS. L-06-1490;** |
| § | **L-07-65** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| *Respondent*. § | |

## OPINION AND ORDER

Pending before the Court is Petitioner Reynaldo Hernandez-Anchondo's ("Hernandez") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No. 1].[1]  Having duly considered the petition, supporting memorandum, and applicable law, Hernandez's petition is DENIED.

### I.   BACKGROUND AND PROCEDURE

On February 18, 2004, Hernandez was indicted in the United States District Court for the District of Oregon in Criminal Case Number L-04-60014-01-HO of: (1) one count of illegal re-entry after having been previously deported from the United States in violation of Title 8, United States Code, Section 1326; and (2) two separate counts of knowingly and unlawfully entering the United States by eluding examination and inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a).  [*See* Criminal Case No. L-07-65, Dkt. No. 1 at 2-3].  On May 18, 2004, Hernandez entered a plea of guilty before the United States District Court for the

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:07-cv-117.  Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:06-cr-1490-001.  Citations to "Minute Entries" will be used to refer to entries made for criminal case number 5:06-cr-1490-001.

District of Oregon as to counts 2 and 3, [s*ee id.* at 9-10], and was sentenced to a term of twenty-four (24) months in prison and one year of supervised release, [i*d.* at 5, 7]. Hernandez was released from custody on March 20, 2006, and was deported to Mexico on June 9, 2006. [Presentence Investigation Report ("PSR") ¶ 30]. On September 28, 2006, Hernandez returned to the United States illegally in violation of the special conditions imposed under his sentence. [PSR ¶ 38]. Thus, on November 15, 2006, a "Petition for Offender on Supervised Release" was executed for the new violation of "Re-Entry of a Deported Alien." [*Id.*]. Transfer of jurisdiction to this Court was completed on January 11, 2007, and the case was assigned number L-07-cr-65.[2] [*See* Criminal Case No. L-07-65, Dkt. No. 1 at 1; PSR ¶ 30].

On October 24, 2006—while on supervised release for his Oregon conviction—a federal grand jury in Laredo, Texas, indicted Hernandez in criminal case number L-06-1490-001 of illegal re-entry after having been previously denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 5]. On December 6, 2006, Hernandez entered into a plea agreement with the United States, which included the following language:

> 10. In exchange for the concessions made by the Government in the agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever. **Such waiver expressly includes, and Defendant expressly agrees not to file**, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to **any** statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C. § 2255.
>
> In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever,

---

[2] The violation report was submitted to the Court requesting that revocation of supervised release be addressed at the time of sentencing for criminal case number L-06-1490-001. [PSR ¶ 38].

including Title 28, U.S.C. § 2255. Defendant is also aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed and/or the manner in which such sentence was determined. Understanding this, Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that: (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreements, and/or (c) Defendant's plea is later withdrawn.

13. The defendant represents to the Court that defendant is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement.

[Cr. Dkt. No. 10 ¶¶ 10, 13 (emphasis in original)]. At re-arraignment on December 6, 2007, Hernandez entered a plea of guilty before United States Magistrate Judge Arce-Flores. [Minute entry of 12/6/06]. Pursuant to the requirements of Federal Rule of Criminal Procedure 11, Judge Arce-Flores placed Hernandez under oath and advised him of the rights and implications surrounding a guilty plea. *See* Fed. R. Crim. P. 11(b)(1). The Court focused part of its discussion on Hernandez's waiver of his rights to appeal. *See* Fed. R. Crim. P. 11(b)(1)(N). Hernandez confirmed several times that he understood that he had waived such rights and that he nevertheless wished to proceed with his plea of guilty. Finally, Judge Arce-Flores asked Hernandez whether he understood what she had explained to him, to which he answered "yes." The Court found that Hernandez had pleaded guilty knowingly and voluntarily, and accepted Hernandez's plea of guilty.

On February 27, 2007, the Court sentenced Hernandez to thirty-four (34) months of imprisonment on Criminal Case L-06-cr-1490 and four (4) months of imprisonment on Criminal Case L-07-cr-65, to be served consecutively, for a total of thirty-eight (38) months of

imprisonment. [Minute entry of 2/27/07]. On the same day, Hernandez filed a "Notice of Non-Appeal" as to Criminal Case No. L-07-cr-65. [*See* Criminal Case No. L-07-65, Dkt. No. 2]. This document states as follows: "I am a defendant in this case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal." [*Id.*]. This document was signed by both Hernandez and his attorney, Wade Bainum, and was provided in English and in Spanish. [*See id.*]. Judgment was entered on March 9, 2007. [Cr. Dkt. No. 19]. Hernandez did not appeal his sentence as to Criminal Case No. L-06-cr-1490-001.

Hernandez filed the instant motion on September 25, 2007. [Dkt. No. 1]. He seeks relief from this Court based on his claim that his conviction in Criminal Case No. L-06-cr-1490-001 was "obtained by plea of guilty which was unlawfully induced or not made voluntarily understanding of the nature of the charge and the consequences of the plea." [*Id.* at 6]. Hernandez also claims that he was denied effective assistance of counsel and that he did not appeal his sentence because his lawyer allegedly did not help him at all. [*Id.* at 5, 6]. Hernandez provides no further details to support his allegations. Concurrently with the above motion, Hernandez filed a "Declaration in Support of Request to Proceed in Forma Pauperis." [Dkt. No. 2]. Because the Prison Litigation Reform Act's fee requirements do not apply to habeas corpus petitions filed under § 2255, *see Kinkade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997), Hernandez's request to proceed *in forma pauperis* is not necessary.

## II. DISCUSSION

While Hernandez has alleged several wrongs affecting his constitutional rights, the Court must first determine whether the waiver of his right to attack his conviction and sentence preempts discussion of such allegations. A defendant may waive the right to appeal and

collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.")); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). If the plea or waiver itself was knowing and voluntary, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White*, 307 F.3d at 343-44. The Fifth Circuit conducts a two-step inquiry to determine whether an appeal-waiver provision in a plea agreement bars a sentencing appeal: (1) "whether the waiver was knowing and voluntary"; and (2) "whether the waiver applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court."). A defendant may circumvent a waiver of appeal and claim ineffective assistance of counsel only if he alleges that counsel's ineffective assistance directly affected the validity of that waiver or the plea itself. *White*, 307 F.3d at 343.

Despite his allegations to the contrary, the Court is of the opinion that Hernandez knowingly and voluntarily waived his right to appeal and to collaterally attack his conviction and sentence. "A defendant's waiver of [his] right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *Baty*, 980 F.2d at 979. Determining whether a defendant understands the consequences of his guilty plea and waives his appeal knowingly

and voluntarily does not require the court to ensure that the defendant's comprehension is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *Boyd*, 2007 WL 900949 at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *Garcia*, 983 F.2d at 627-28). The Court discussed the terms of Hernandez's waiver with him in detail. Nothing in the record indicates that Hernandez expressed doubt or confusion as to the consequences of his waiver. In his petition, Hernandez merely concludes that his attorney rendered ineffective assistance of counsel and that his waiver was unknowing and involuntary. Hernandez provides no explanation about how his counsel's ineffective assistance tainted the waiver; in fact, he does not even allege that counsel's shortcomings affected the validity of the waiver itself. *Cf. White*, 307 F.3d at 339-43.

As the *Boyd* court explains, mere allegations in a habeas corpus petition that a waiver was unknowing or involuntary may be insufficient to overcome the presumptions of regularity and truthfulness inherent in official documents such as plea agreements, official records, and proceedings in open court—such as plea hearings. *See* 2007 WL 900949 at *6 (discussing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)). Hernandez has presented nothing which would tend to undermine these well-established presumptions. Therefore, having thoroughly reviewed the Rule 11 hearing and Hernandez's signed plea agreement, the Court finds that Hernandez knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d at 544. The Court also finds that the terms of Hernandez's plea agreement extend to the current petition. *See id.* It is clear to the Court that Hernandez validly

agreed not to file a petition pursuant to 28 U.S.C. § 2255. As such, the instant petition is without merit and will be dismissed pursuant to Rule 4 governing proceedings under 28 U.S.C. § 2255.

### III. CONCLUSION

For the aforementioned reasons, Hernandez's motion pursuant to § 2255 is **DISMISSED with prejudice**. Further, should he seek a certificate of appealability, the same is **DENIED**. Final judgment shall issue under separate cover.

IT IS SO ORDERED.

DONE this 21st day of April, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**